UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA<br>CDCR #J-48500,<br><br>                              Plaintiff,<br><br>vs.<br><br>SAN DIEGO COUNTY JUDGE<br>AMALIA L. MEZA, et al.,<br>                             Defendants. | Case No.: 3:18-cv-02327-AJB-MSB<br><br>**ORDER DISMISSING CIVIL ACTION:**<br><br>**1) FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>**AND**<br><br>**2) AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A(b)(1)** |

STEVEN WAYNE BONILLA ("Plaintiff"), currently incarcerated at San Quentin State Prison ("SQ") located in San Quentin, California, and proceeding pro se, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (ECF No. 1).[1]

---

[1] Plaintiff also alleges jurisdiction pursuant to 18 U.S.C. § 241 and § 242, but those criminal statutes do not support a private cause of action. *See* Compl., ECF No. 1 at 1; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (18 U.S.C. §§ 241 and 242 provide no private right of action and cannot form basis for civil suit).

Plaintiff seeks to "void" his Alameda County criminal judgment and death sentence "on its face" and to be "release[d] … from his false and unlawful imprisonment." (*Id.* at 3.) Plaintiff claims several San Diego and Imperial County Judges have colluded with Alameda County prosecutors in a criminal conspiracy to "charge-convict-execute [him]," … "an innocent citizen[,] after decades of false imprisonment, involuntary servitude/slavery." (*Id.* at 4-11.)[2]

## I. Failure to Pay Filing Fee or Request IFP Status

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, the Prison Litigation Reform Act's ("PLRA") amendments to § 1915 require that every prisoner who is granted leave to proceed IFP must pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to submit an affidavit that includes a statement of all assets possessed and

---

[2] In fact, the Court takes judicial notice that over the course of the last 18 years, Plaintiff has filed nearly 1,000 separate civil rights actions and habeas corpus petitions, several recently in the Southern District of California, but the vast majority of which in the Northern District of California, where Alameda County is situated, where he was convicted by jury of first degree murder with special circumstances and sentenced to death in 1992, and where he remains incarcerated. *See People v. Bonilla*, 41 Cal. 4th 313 (2007); https://pcl.uscourts.gov/pcl/pages/search/results/parties.jsf?sid=64ca8858510f4fb6a23adc073629cb87 (last visited Jan. 22, 2019); *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (citation and quotations omitted).

demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In support of this affidavit, prisoners must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

      Plaintiff did not pay the filing fee required to commence a civil action, nor has he filed a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a)(1) and (2). For this procedural reason alone, his case cannot proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

      And while the Court would typically grant him leave to file an IFP Motion, Plaintiff has abused that privilege and is precluded from doing so by 28 U.S.C. § 1915(g) unless he claims to face "imminent danger of serious physical injury" at the time of filing. *See Andrews v. Cervantes,* 493 F.3d 1047, 1051-52 (9th Cir. 2007) (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."). He makes no such allegations here. *See In re Steven Bonilla*, 2012 WL 216401, at *1 (N.D. Cal. Jan. 24, 2012) (noting Plaintiff's litigation history in the Northern District of California, including the dismissal of 34 pro se civil rights actions between June 1 and October 31, 2011 alone, which were dismissed "because the allegations in [his] complaints d[id] not state a claim for relief under § 1983."); *id.* at *3 n.1 ("The Court

recently informed Plaintiff that, in accordance with 28 U.S.C. § 1915(g), he no longer qualifies to proceed *in forma pauperis* in any civil rights action." (citing *In re Steven Bonilla*, Nos. C 11-3180, et seq. CW (PR), Order of Dismissal at 6:23-7:19.)).

## II. Initial Screening per 28 U.S.C. § 1915A(b)

Even if Plaintiff paid the full filing fee or were eligible to proceed IFP, however, 28 U.S.C. § 1915A, also enacted as part of the PLRA, requires sua sponte dismissal of prisoner complaints like his, or any portions of them, which are "frivolous, malicious, or fail[ ] to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b); *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1764 (2015). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (internal citation omitted). As noted above, in this case Plaintiff again seeks to "void" his Alameda County criminal conviction and sentence, and to sue various prosecutors and judges assigned to review his repetitive and unsuccessful collateral attacks. *See* Compl., ECF No. 1 at 1.

As Plaintiff is now well aware, to the extent he expressly seeks to vacate a capital conviction and sentence, and to end his "false imprisonment," a writ of habeas corpus is his sole federal remedy. *See* Compl., ECF No. 1 at 6, 13. He may not employ § 1983 as a vehicle to set aside an existing criminal conviction, to shorten or alter his sentence, or to end his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 479 (1973) ("Release from penal custody is not an available remedy under the Civil Rights Act"); *Nettles v. Grounds*, 830 F.3d 922, 933 (9th Cir. 2016) (en banc) ("[H]abeas corpus is the exclusive remedy to attack the legality of [a] conviction or sentence...."), *cert. denied*, 137 S. Ct. 645 (U.S. Jan. 9, 2017) (No. 16-6556); *cf. Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) ("§ 1983 remains available for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner ... habeas remedies do not displace § 1983 actions where success in the civil rights suit would not necessarily vitiate the legality of (not previously invalidated) state confinement.").

In addition, the district court may dismiss a complaint "'that merely repeats pending or previously litigated claims.'" *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (applying 28 U.S.C. § 1915(d) (re-codified at 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A(b)(1)); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious); *Van Meter v. Morgan*, 518 F.2d 366 (8th Cir. 1975) (dismissal of complaint as frivolous was not an abuse of discretion where plaintiff had filed other similar complaints); *Ortega v. Ritchie*, No. 18-CV-02944-HSG (PR), 2018 WL 3744154, at *2 (N.D. Cal. Aug. 7, 2018).

Plaintiff filed a dozen civil rights cases in the Southern District of California over the last year. All have challenged the validity of his 1982 Alameda County capital conviction pursuant to § 1983, all have named various judges, court staff, and prosecutors as defendants, and none have been permitted to proceed. *See e.g., Bonilla v. Battaglia,* S.D. Cal. Civil Case No. 3:18-cv-00941-CAB-BGS (ECF No. 2); *Bonilla v. Montenegro,* S.D. Cal. Civil Case No. 3:18-cv-00953-MMA-NLS (ECF No. 5); *Bonilla v. Plourd*, S.D. Cal. Civil Case No. 3:18-cv-00954-BAS-JLB (ECF No. 5); *Bonilla v. Meza,* S.D. Cal. Civil Case No. 3:18-cv-00977-WQH-BGS (ECF No. 2); *Bonilla v. Hernandez*, S.D. Cal. Civil Case No. 3:18-cv-00978-JLS-BLM (ECF No. 5); *Bonilla v. Rodriquez, et al.*, S.D. Cal. Civil Case No. 3:18-cv-01759-CAB-RBM (ECF No. 6); *Bonilla v. Jauregui, et al.*, S.D. Cal. Civil Case No. 3:18-cv-01891-DMS-PCL (ECF No. 4); *Bonilla v. McConnell, et al.*, S.D. Cal. Civil Case No. 3:18-cv-02060-AJB-JMA (ECF No. 3); *Bonilla v. Bashant, et al.*, S.D. Cal. Civil Case No. 3:18-cv-02061-GPC-WVG (ECF No. 2); *Bonilla v. Sammartino, et al*, S.D. Cal. Civil Case No. 3:18-cv-02062-LAB-AGS (ECF No. 2); *Bonilla v. Battaglia et al.*, S.D. Cal. Civil Case No. 3:18-cv-02301-JLS-BGS (ECF No. 2).

Because this latest § 1983 case, like all his others, simply repeats the same allegations challenging the validity of his conviction and sentence which have

consistently been rejected in this district and in others, the Court finds Plaintiff's current Complaint is also subject to sua sponte dismissal as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). *See Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc) (noting that if claims are classified as frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend").

### III. Conclusion and Order

For the reasons explained, the Court:

(1) **DISMISSES** this civil action based on Plaintiff's failure to pay the $400 civil filing and administrative fee required by 28 U.S.C. § 1914(a), and as frivolous pursuant to 28 U.S.C. § 1915A(b)(1);

(2) **CERTIFIES** that an IFP appeal in this case would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

(3) **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED.**

Dated: January 23, 2019

Hon. Anthony J. Battaglia
United States District Judge