UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| STEVEN WAYNE BONILLA<br>CDCR #J-48500,<br><br>                             Plaintiff,<br><br>  vs.<br><br>SAN DIEGO COUNTY JUDGE<br>AMALIA L. MEZA, et al.,<br><br>                            Defendants. | Case No.: 3:18-cv-02327-AJB-MSB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) AND DISMISSING CIVIL ACTION AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A(b)(1)**<br><br>**[ECF No. 6]** |

Steven Wayne Bonilla ("Plaintiff"), currently incarcerated at San Quentin State Prison, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 9, 2018. (See Compl., ECF No. 1).[1] Plaintiff's Complaint seeks to "void" his Alameda County criminal judgment and death sentence "on its face" and to be "release[d] … from his false and unlawful imprisonment." (*Id.* at 3.) Plaintiff claimed several San Diego and Imperial County Judges colluded with Alameda County

---

[1] Plaintiff also alleged jurisdiction pursuant to 18 U.S.C. § 241 and § 242, but those criminal statutes do not support a private cause of action. *See* Compl., ECF No. 1 at 1; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (18 U.S.C. §§ 241 and 242 provide no private right of action and cannot form basis for civil suit).

prosecutors in a criminal conspiracy to "charge-convict-execute [him]," … "an innocent citizen[,] after decades of false imprisonment, involuntary servitude/slavery." (*Id.* at 4-11.)[2]

I. **Procedural History**

On January 23, 2019, the Court dismissed Plaintiff's case because: (1) he failed to prepay the civil filing fee required by 28 U.S.C. § 1914(a); (2) he is no longer eligible to proceed in forma pauperis ("IFP") due to his abusive litigation history and his failure to allege "imminent danger of serious physical injury" pursuant to 28 U.S.C. § 1915(g); and (3) his Complaint is frivolous and malicious insofar as it "merely repeats pending or previously litigated claims." *See* ECF No. 3 at 5 (citing 28 U.S.C. § 1915A(b)(1); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995)). The Court further certified that an appeal would also be frivolous pursuant to 28 U.S.C. § 1915(a)(3), and directed the Clerk of the Court to close the file. (*Id.* at 6.)

Undaunted, Plaintiff responded by filing a Motion to Proceed IFP (ECF No. 6), followed by another (ECF No. 11), and a pleading entitled ""Transfer is Unlawful When Remedy is Available There" (ECF No. 8), in which he repeats the "false imprisonment" claims alleged in his original Complaint. (*Id.* at 1.)

///
///

---

[2] In fact, Plaintiff has filed more than 1,000 separate civil rights actions and habeas corpus petitions over the course of the last 17 years, several recently in the Southern District of California, but the vast majority of which in the Northern District of California, where Alameda County is situated, where he was convicted by jury of first degree murder with special circumstances and sentenced to death in 1992, and where he remains incarcerated. *See People v. Bonilla*, 41 Cal. 4th 313 (2007); https://pcl.uscourts.gov/pcl/pages/search/results/parties.jsf?sid=0f7a0af6f9034cf4a172fe0af07fe2ca (last visited May 9, 2019); *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (citation and quotations omitted).

## II. Motion to Proceed IFP

As the Court noted in its January 23, 2019 Order, Plaintiff has a well-documented and abusive litigation history and as a result is no longer entitled the privilege to proceed IFP in federal court unless he claims to face "imminent danger of serious physical injury" at the time of filing. *See Andrews v. Cervantes,* 493 F.3d 1047, 1051-52 (9th Cir. 2007) (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."). He continues to make no such allegations here. *See In re Steven Bonilla*, 2012 WL 216401, at *1 (N.D. Cal. Jan. 24, 2012) (noting Plaintiff's litigation history in the Northern District of California, including the dismissal of 34 pro se civil rights actions between June 1 and October 31, 2011 alone, which were dismissed "because the allegations in [his] complaints d[id] not state a claim for relief under § 1983."); *id.* at *3 n.1 ("The Court recently informed Plaintiff that, in accordance with 28 U.S.C. § 1915(g), he no longer qualifies to proceed *in forma pauperis* in any civil rights action." (citing *In re Steven Bonilla*, Nos. C 11-3180, et seq. CW (PR), Order of Dismissal at 6:23-7:19.)).

## III. Initial Screening per 28 U.S.C. § 1915A(b)

Further, as the Court also noted in its previous Order, even if Plaintiff paid the full filing fee or were eligible to proceed IFP, 28 U.S.C. § 1915A, also enacted as part of the PLRA, requires sua sponte dismissal of prisoner complaints like his, or any portions of them, which are "frivolous, malicious, or fail[ ] to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b); *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1764 (2015). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (internal citation omitted). Plaintiff seeks to "void" his Alameda County criminal conviction and sentence, in this case, as he has in all his cases, and continues to sue various prosecutors and the multiple judges assigned to review his repetitive and unsuccessful collateral attacks. *See* Compl., ECF No. 1 at 1.

As Plaintiff is now well aware, to the extent he expressly seeks to vacate a capital conviction and sentence, and to end his "false imprisonment," a writ of habeas corpus is his sole federal remedy. *See* Compl., ECF No. 1 at 6, 13. He may not employ § 1983 as a vehicle to set aside an existing criminal conviction, to shorten or alter his sentence, or to end his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 479 (1973) ("Release from penal custody is not an available remedy under the Civil Rights Act"); *Nettles v. Grounds*, 830 F.3d 922, 933 (9th Cir. 2016) (en banc) ("[H]abeas corpus is the exclusive remedy to attack the legality of [a] conviction or sentence...."); *cf. Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) ("§ 1983 remains available for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner ... habeas remedies do not displace § 1983 actions where success in the civil rights suit would not necessarily vitiate the legality of (not previously invalidated) state confinement.").

Finally, as the Court also noted in its January 23, 2019 Order, Plaintiff may not file multiple suits that "'that merely repeat[] pending or previously litigated claims.'" *Cato*, 70 F.3d at 1105 n.2 (applying 28 U.S.C. § 1915(d) (re-codified at 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A(b)(1)); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious); *Van Meter v. Morgan*, 518 F.2d 366 (8th Cir. 1975) (dismissal of complaint as frivolous was not an abuse of discretion where plaintiff had filed other similar complaints); *Ortega v. Ritchie*, No. 18-CV-02944-HSG (PR), 2018 WL 3744154, at *2 (N.D. Cal. Aug. 7, 2018).

Plaintiff filed a dozen civil rights cases in the Southern District of California in 2018. All have challenged the validity of his 1982 Alameda County capital conviction pursuant to § 1983, all have named various judges, court staff, and prosecutors as defendants, and not one has been permitted to proceed. *See e.g., Bonilla v. Battaglia,* S.D. Cal. Civil Case No. 3:18-cv-00941-CAB-BGS (ECF No. 2); *Bonilla v. Montenegro,* S.D.

Cal. Civil Case No. 3:18-cv-00953-MMA-NLS (ECF No. 5); *Bonilla v. Plourd*, S.D. Cal. Civil Case No. 3:18-cv-00954-BAS-JLB (ECF No. 5); *Bonilla v. Meza,* S.D. Cal. Civil Case No. 3:18-cv-00977-WQH-BGS (ECF No. 2); *Bonilla v. Hernandez*, S.D. Cal. Civil Case No. 3:18-cv-00978-JLS-BLM (ECF No. 5); *Bonilla v. Rodriquez*, S.D. Cal. Civil Case No. 3:18-cv-01759-CAB-RBM (ECF No. 6); *Bonilla v. Jauregui*, S.D. Cal. Civil Case No. 3:18-cv-01891-DMS-PCL (ECF No. 4); *Bonilla v. McConnell*, S.D. Cal. Civil Case No. 3:18-cv-02060-AJB-JMA (ECF No. 3); *Bonilla v. Bashant*, S.D. Cal. Civil Case No. 3:18-cv-02061-GPC-WVG (ECF No. 2); *Bonilla v. Sammartino*, S.D. Cal. Civil Case No. 3:18-cv-02062-LAB-AGS (ECF No. 2); *Bonilla v. Battaglia*, S.D. Cal. Civil Case No. 3:18-cv-02301-JLS-BGS (ECF No. 2).

Because this latest § 1983 case, like all Plaintiff's others, simply repeats the same allegations challenging the validity of his conviction and sentence which have consistently been rejected in this district and in others, the Court continues to find that Plaintiff's current Complaint is subject to sua sponte dismissal as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). *See Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc) (noting that if claims are classified as frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend").

## IV. Conclusion and Orders

For the reasons explained, the Court:

(1) **DENIES** Plaintiff's Motion to Proceed IFP [ECF No. 6] as barred by 28 U.S.C. § 1915(g) and **DISMISSES** this civil action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1); (2) **RE-CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and (3) **DIRECTS** the Clerk to close the file.

**IT IS SO ORDERED.**

Dated: May 10, 2019

Hon. Anthony J. Battaglia
United States District Judge